# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br>vs.<br>GEORGE JEFFERSON,<br><br>                                   Defendant. | CASE NO. 13CR1378-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. 3582(c)(2)** |

George Jefferson pled guilty to importing 4.65 kilograms of actual methamphetamine into the United States. Jefferson had an extensive criminal history that included three prior drug trafficking offenses. Based on that record, the Court found that he was a Career Offender under the United States Sentencing Guidelines ("USSG" or "Guidelines"). *See* USSG § 4B1.1. As a Career Offender, his Guidelines range was 360 – life in prison. Nevertheless, the Court varied from the low end of the Guidelines range by 18 years and imposed only a 12 year sentence. Jefferson has now filed a motion under 18 U.S.C. § 3582(c)(2) asking the Court to reduce his sentence to 10 years. Because he's not eligible for relief under that section on several bases, the motion must be denied.

The Court originally calculated Jefferson's Guidelines as follows:

| | |
|---|---|
| Base Offense Level [USSG § 2D1.1(a)(5)]: | **38** |
| Enhancement for Importing Methamphetamine [§ 2D1.1(b)(5)]: | **+2** |
| Acceptance of Responsibility [§ 3E1.1]: | **-3** |

| | |
|---|---:|
| Variance Based Age and Nature of Criminal Record (§ 5H1.8); Drug Addiction and Mental Health History (§ 5H1.4); and Family Equities (§ 5H1.6): | **-216 months** |

His Adjusted Offense Level was 37, and with a Criminal History Category of VI, his advisory Guideline range was 360 – life. However, the Court varied 216 months from the low end of the Guideline range, and imposed a sentence of 144 months.

The Court found, in the alternative, that Jefferson was a Career Offender and therefore also calculated his Guideline range under the Career Offender provision [§ 4B1.1]. Under that provision, his Criminal History Category was automatically VI and his Guideline range remained 360 – life. Although Jefferson's Career Offender status didn't change his Guideline range, as explained below, it did have an effect on his eligibility for § 3582(c)(2) relief.

Under the amended Guidelines, Jefferson's base offense level would be reduced by two levels to 36. A 2-level upward adjustment for importing methamphetamine [§ 2D1.1(b)(5)] would still apply, and he would once again be credited with a 3-level downward adjustment for accepting responsibility [§ 3E1.1]. But, the 216-month variance that the Court granted can't be counted when recalculating Jefferson's amended Guideline range, *see United States v. Aragon-Rodriguez*, 624 Fed. Appx. 542, 2015 U.S. App. LEXIS 21377 (9th Cir. 2015) ("[t]he text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the 'amended guideline range' does not include departures from the sentencing guidelines, except a departure for substantial assistance to government authorities"), and must be backed out:

| | |
|---|---:|
| Base Offense Level [USSG § 2D1.1(a)(5)]: | **36** |
| Enhancement for Importing Methamphetamine [§ 2D1.1(b)(5)]: | **+2** |
| Acceptance of Responsibility [§ 3E1.1]: | **-3** |
| ~~Variance Based on Over-Represented Criminal Record (§ 5H1.8); Mental Health History (§ 5H1.4); and Family Equities (§ 5H1.4; § 5H1.6; § 5H1.8):~~ | ~~**-216 months**~~ |

Jefferson's Adjusted Offense Level is 35, his criminal history category remains at VI, and his sentencing range is 292 – 365 months. Because the low end of the new sentencing

range – without regard to the variance the Court granted – is higher the original 144 month sentence, Jefferson is not eligible for a reduction of sentence under § 3582(c)(2). USSG§ 3582(c)(2)("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . .").

Alternatively, Jefferson is ineligible for a § 3582(c)(2) reduction because he was a Career Offender. *See* USSG § 1B1.10 cmt. (n1(A)) (defendant eligible for reduction *if criminal history category was determined pursuant to § 1B1.1(a)*). *See United States v. Pleasant*, 704 F.3d 808, 813-14 (9th Cir.) ("applicable guidelines range" for Career Offenders is § 4B1.1 and not § 1B1.1(a))*. See also United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014) ("We have previously held that retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because, as we said '[t]he two sentencing schemes are mutually exclusive'" *quoting United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009)).[1]

Because Jefferson is not eligible for a sentence reduction under any applicable retroactive amendment to the Guidelines, the Court will forego analyzing whether a further reduction of his sentence would be warranted under 18 U.S.C. 3553(a).

Jefferson's motion to reduce his sentence is **DENIED.**

**IT IS SO ORDERED**.

DATED: February 16, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Not to pile on, but Jefferson is further disqualified from receiving a § 3582(c)(2) reduction because he pled guilty to importing 4.65 kilograms of actual methamphetamine. A defendant who is convicted of a federal drug offense involving 4.5 kilograms or more of actual methamphetamine is not eligible for reduction of sentence. *See* USSG § 2D1.1(c)(1).