1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>                        vs.<br><br>GEORGE JEFFERSON,<br><br>                                        Defendant. | CASE NO. 13cr1378-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [Dkt. 73]** |

In 2013, George Jefferson pled guilty to importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960. The Court imposed a total custodial sentence of 144 months, followed by 10 years of supervised release. Jefferson has served 98 months, or 68%, of his custodial sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on June 26, 2023. He moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), under which a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

Jefferson urges the Court to reduce his sentence to time served because he suffers from hypertension, hyperlipidemia (high cholesterol), obesity, degenerative disc disease, sciatica nerve problems, and borderline diabetes,

1    which he argues increase his susceptibility to COVID-19. Jefferson states that
2    he has already suffered COVID-19 infection and, five months following his
3    acute illness, he "continue[d] to have headaches, he breath[e]s differently, and
4    [he] sometimes has shortness of breath." (Dkt. 73.) The Government opposes
5    Jefferson's motion, arguing that his medical conditions aren't "extraordinary
6    and compelling" and that he already received a downward variance under 18
7    U.S.C. § 3553(a).

8         Jefferson's medical concerns, while valid, aren't extraordinary and
9    compelling reasons to modify his sentence. Hyperlipidemia and mental health
10   concerns aren't among the health conditions known to increase risk for severe
11   COVID-19 infection. *See* CDC, *People with Certain Medical Conditions*,
12   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-
13   with-medical-conditions.html (accessed May 7, 2021). His hypertension,
14   obesity, and borderline diabetes all may increase COVID-19 risk, *see id.* (high
15   blood pressure "possibly . . . can make you more likely to get severely ill from
16   COVID-19), but his conditions are far from extraordinary. As of August 3, 2020,
17   over 20% of the inmates at Terminal Island suffered from high blood pressure,
18   9% were diabetic, and 6% were obese. (Dkt. 73-1 at 9.) Jefferson's conditions
19   aren't severe, either: his most recent BMI was 29.8, just below the obesity
20   threshold (Dkt. 80 (filed under seal); Dkt. 74 at 1 (stating that Jefferson is 5'7"
21   tall)); he is "borderline" diabetic, (Dkt. 74); and his most recent blood pressure
22   reading fell just within the hypertensive range. (Dkt. 80); American Heart
23   Association, *Understanding Blood Pressure Readings*,
24   https://www.heart.org/en/health-topics/high-blood-pressure/understanding-
25   blood-pressure-readings; *see also United States v. Fernandez*, Case No. 14-
26   cr-277-GPB-2, 2021 WL 1238888 at *4 n.2 (S.D. Cal. April 2, 2021) (relying on
27   American Heart Association blood pressure guidelines). Lastly, Jefferson has
28   already had and recovered from COVID-19, which he argues puts him under

"constant stress" and "fear[] [of] reinfect[ion." (Dkt. 73 at 3, 7-8.) But his prior infection doesn't support the conclusion that he must be released to protect him from reinfection: While the World Health Organization had, in early October 2020, "no evidence that people who ha[d] recovered from COVID-19 . . . are protected from a second infection, the CDC now understands reinfection to be "rare." (Dkt. 73 at 7-8); CDC, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (accessed May 10, 2021).

Just as Jefferson's prior infection doesn't make his release necessary to protect his health, Terminal Island's earlier outbreak can't be used to demonstrate a high risk of future outbreaks. While the spring 2020 outbreak was severe, it appears to have subsided by the time the government filed its response. At that time, there was a single infected inmate. (Dkt. 77 at 7, citing BOP Coronavirus Website, http://www.bop.gov/coronavirus.) As of May 10, 2021, BOP's website shows two active cases: one inmate and one staff member.

Finally, the Court finds that the § 3553(a) factors continue to support the imposition of Jefferson's original sentence. Jefferson's offense—importing over 10 pounds of methamphetamine—was unquestionably serious. And his long history of convictions for theft and drug offenses provides little reassurance that releasing Jefferson would be consistent with protecting the public from his further crimes. (*See* Dkt. 26 ¶¶ 25–61 (listing, *inter alia*, five convictions for theft and one each for burglary, transportation or sale of controlled substances, and importation of marijuana.) The seriousness of Jefferson's most recent offense and his criminal history weigh heavily against early release and predominate over considerations of his medical condition.

/ / /

/ / /

/ / /

In sum, the Court finds that Jefferson has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 11, 2021

**HONORABLE LARRY ALAN BURNS**
United States District Judge